1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID HALLER, </br>           Plaintiff, </br> </br>     v. </br> </br> RAYMOND E. MABUS, Secretary of the Navy </br>          Defendants. | Case No. 15-CV-1444-BTM-DHB </br> </br> **ORDER DENYING MOTION TO APPOINT COUNSEL** |

On July 1, 2015, *pro se* Plaintiff, David Haller filed a Complaint against Defendant, Raymond E. Mabus, Secretary of the Navy under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e, *et seq.*, and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff alleges that he was subjected to sexual harassment and retaliation while employed by the United States Marine Corps. Defendant has not made an appearance in this matter.

/ / /

/ / /

1

On August 17, 2015, Plaintiff filed a Request for Appointment of Counsel using the form under 42 U.S.C. § 2000e-5(f)(1) ("Form"). There is no right to counsel in civil cases and district courts may appoint counsel only under "exceptional circumstances." <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). In determining whether to appoint counsel under § 2000e-5(f)(1), a district court should consider the following three factors: (1) the plaintiff's financial resources; (2) efforts made to secure counsel on his or her own; and (3) the claim's merit. <u>See</u> <u>Johnson v. U.S. Dept. of Treasury</u>, 939 F.2d 820, 824 (9th Cir. 1991). Ultimately, the determination of whether to appoint counsel is left to the sound discretion of the district court. <u>Id</u>.

Upon reviewing the Form, the Court finds that though Plaintiff is currently unemployed, his financial situation does not appear to warrant appointment of *pro bono* counsel. Additionally, though Plaintiff claims to have contacted a number of attorneys who either failed to return his call or refused to take his case due to its complexity, Plaintiff has not supplied a log of those efforts (Doc. 3, at 4). Thus, the Court cannot determine whether Plaintiff has made a diligent effort to obtain counsel. Plaintiff's filings also indicate that he appears capable of litigating this matter *pro se*.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1  Additionally, based on the facts in the Complaint, the Court cannot
2  at this time say that there is any likelihood of success on the merits.
3  For these reasons, the Court DENIES Plaintiff's motion to appoint
4  counsel without prejudice.
5  **IT IS SO ORDERED.**
6  Dated:  August 24, 2015

Barry Ted Moskowitz, Chief Judge
United States District Court