1

2

UNITED STATES DISTRICT COURT

3

SOUTHERN DISTRICT OF CALIFORNIA

4

DAVID HALLER,

Case No.:  15cv1444 BTM (DHB)

5

Plaintiff,

**ORDER GRANTING MOTION TO TRANSFER VENUE**

6

v.

7

RAYMOND E. MAYBUS,
Secretary of the Navy,

8

Defendant.

9

10

On October 13, 2015, Defendant Raymond Maybus filed a motion to

11

transfer the instant case to the District of Arizona. (ECF No. 11.) Plaintiff David

12

Haller did not file an opposition brief. For the reasons discussed below,

13

Defendant's motion is **GRANTED**.

14

15

**I.  BACKGROUND**

16

Plaintiff's Complaint includes allegations of sexual harassment and

17

employment discrimination in violation of Title VII. The alleged violations took

18

place while Plaintiff worked as a motorcycle rider coach at the Marine Corps Air

19

Station in Yuma, Arizona ("MCAS Yuma"). (Compl. ¶¶ 9-13.) Following the

20

alleged discrimination, Plaintiff filed a complaint with the Equal Employment

Opportunity Commission ("EEOC"). (Compl. 22.) The EEOC mailed its decision

1

1  to dismiss Plaintiff's case on April 16, 2015, and Plaintiff subsequently filed this

2  action on June 1, 2015. (Compl. ¶ 22.)

3       Defendant moves to transfer venue on the grounds that the alleged events

4  took place in Arizona and that Plaintiff would have continued to work in Arizona

5  but-for the alleged employment practice.

6

7                          **II.  DISCUSSION**

8       Title VII includes a venue provision[1] that authorizes suit in any district (1)

9  where the unlawful employment practice was committed; (2) where the

10 employment records are kept; and (3) where the plaintiff would have worked but-

11 for the alleged discrimination. 42 U.S.C. § 2000e-5(f)(3). See also Passantino v.

12 Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 504 (9th Cir. 2000).

13 The statute goes on to state that, "if the [defendant] is not found within any such

14 district, such an action may be brought [where] the [defendant] has his principle

15 office." 42 U.S.C. § 2000e-5(f)(3).

16      Here, the District of Arizona, not the Southern District of California, is the

17 proper venue. Plaintiff notes in his complaint that the alleged sexual harassment

18 _____

19      [1] Title VII's venue provision applies over the general venue statute, 28 U.S.C. § 1391,
20 because the "shall govern" language in § 2000e-5(f) renders Title VII's venue provisions
   mandatory. See Johnson v. Payless Drug Stores Nw., Inc., 950 F.2d 586, 587-88 (9th Cir.
   1991).

2

occurred in Arizona while he was employed as a motorcycle riding coach at MCAS Yuma. Moreover, as Defendant notes, the record supports the conclusion that Plaintiff would have continued working at MCAS Yuma but-for the alleged unlawful acts.

As for the district where the records are kept, Defendant submits the declaration of Erin Carroll, the Director of the Human Resources Office at MCAS Yuma, to demonstrate that the official personnel records are kept in an electronic database. This database is used for human resource functions at the headquarters in Washington, the regional Office of Civilian Human Resources, and at MCAS Yuma. Even though the records are electronic and accessible in multiple districts, the Southern District of California is not a proper venue under the statute because, if nothing more, the employment records were created in Arizona. The facts that the alleged violations took place in Arizona, and that Plaintiff would have continued working in Arizona but-for the alleged employment practices, make the District of Arizona the proper venue for this Title VII case.

## III.  CONCLUSION

When a plaintiff files a case "laying venue in the wrong division or district," the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it should have been brought." 28 U.S.C. §

3

1  1406(a). Although the Court has the authority to dismiss the instant case, the

2  Defendant moves for transfer of venue, not dismissal.

3       For the reasons discussed above, Defendant's motion to transfer venue is

4  **GRANTED.** The Clerk shall **TRANSFER** the instant action to the United States

5  District Court for the District of Arizona.

6

7  **IT IS SO ORDERED.**

8   Dated:  April 5, 2016

9  Barry Ted Moskowitz, Chief Judge

10  United States District Court

11

12

13

14

15

16

17

18

19

20

4